Thomas J. WOOLFOLK, Jr., Appellant,

v.

## COMMISSIONER OF SOCIAL SECURITY.

No. 03–2582.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) on Jan. 9, 2004.

Decided Jan. 15, 2004.

Thomas H. Klein, Smith & Klein, Eaton-town, NJ, for Appellant.

Peter G. O'Malley, Office of United States Attorney, Newark, NJ, for Appellee.

Before BARRY and SMITH, Circuit Judges, and POLLAK, District Judge.*

## OPINION OF THE COURT

SMITH, Circuit Judge.

Thomas J. Woolfolk, Jr. appeals from an order of the District Court affirming the Commissioner of Social Security's grant of disability benefits under Title II of the Social Security Act for only a closed period of time. *See* 42 U.S.C. § 423. The District Court exercised jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Pe-rales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks and citation omitted).

In determining whether a claimant is disabled, the Commissioner must follow the familiar five step sequential analysis set forth in the regulations promulgated by the Social Security Administration. *See* 20 C.F.R. § 404.1520. Woolfolk contends that the Commissioner erred with respect to the fifth step of this analysis by finding that, in light of his residual functional capacity, he was able to perform other jobs which exist in the national economy. The Administrative Law Judge ("ALJ") erred, Woolfolk argues, because he failed to credit Woolfolk's testimony and to accord the opinion of his treating physician, Dr. Ani, controlling weight. Error was also committed by the ALJ, in Woolfolk's view, because the ALJ failed to conduct an appropriate medical improvement analysis after finding that Woolfolk was entitled to a closed period of disability. *See* 20 C.F.R. § 404.1594(f). In addition, Woolfolk submits that the ALJ failed to adequately develop the record and that the matter should have been remanded for consideration of additional medical evidence.

■ After a careful review of the record, we do not agree that the ALJ erred. The ALJ accorded great weight to both Woolfolk's testimony and Dr. Ani's opinions by finding that Woolfolk was disabled for a closed period of time, that he was unable to perform his past relevant work after the closed period of disability and that he was limited to performing light level work. Woolfolk's testimony that he was in constant pain was appropriately discounted in light of the contradictory medical evidence from Dr. Ani which docu-

---

* The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of Pennsyl-vania, sitting by designation.

mented Woolfolk's consistent progress after both his initial surgery and the removal of the bone growth stimulator. Indeed, on April 1, 1998, approximately three months before the ALJ rendered his decision, Dr. Ani's progress note documented that Woolfolk's "back pain is completely gone," he was walking well and the strength in his lower extremities was intact. Nor was there error in rejecting Woolfolk's testimony that he required a sit/stand option and the use of a cane. The medical evidence before the ALJ was devoid of any such limitations.

We recognize that Dr. Ani's progress notes consistently documented that Woolfolk was unable to work and that this opinion was not contradicted by any other health practitioners. The ALJ, however, appropriately gave less weight to Dr. Ani's opinion that Woolfolk was unable to work inasmuch as it was inconsistent with the documentation that Woolfolk's pain was gone, he was walking well and the strength in his legs was intact. *See Plummer v. Apfel,* 186 F.3d at 429 (recognizing that a practitioner's opinion may be rejected if there is contradictory medical evidence); 20 C.F.R. § 404.1527(d)(3) (specifying that the "more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"). Because Dr. Ani's opinion that Woolfolk could not work after the removal of the bone growth stimulator was made with the knowledge that Woolfolk had already retired, that opinion was of limited probative value in determining whether Woolfolk was disabled for purposes of Social Security. *See* 20 C.F.R. § 404.1527(e).

■ Nor do we find that the ALJ erred in analyzing Woolfolk's medical improvement under 20 C.F.R. § 404.1594(f). We agree with the District Judge that the analysis, even though it was not sequential, addressed the necessary elements. The absence of any description by Dr. Ani of limitations post-surgery supports the ALJ's conclusion that Woolfolk had recovered and was capable of performing other work. Having concluded that the ALJ's medical improvement analysis was sufficient, we need not consider Woolfolk's suggestion that the ALJ failed to adequately develop the record in this regard.

■ Finally, we reject Woolfolk's suggestion that this matter should be remanded for the consideration of additional medical evidence regarding the development of post-polio symptoms which limit his ability to work. Remand under sentence six of § 405(g) is warranted "for good cause shown ... but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g) (sentence six). The materiality requirement means that the evidence must "relate to the time period for which the benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Szubak v. Secretary of Health & Human Services,* 745 F.2d 831, 833 (3d Cir.1984). Here, the evidence is not material because it did not relate to Woolfolk's condition prior to the ALJ's decision.

We will therefore affirm the judgment of the District Court.